## CONSULTING AGREEMENT

This Agreement is dated September 11, 2020 ("Effective Date") by and between Epic Management, LLC (herein after referred to as "Company") and Denis Olson and/or assigns (herein after referred to as "Consultant") who together agrees as follows:

1.    Recitals. The parties make the following declarations:

   a.    Company operates a real estate management company in West Fargo, North Dakota and the surrounding areas.

   b.    Company wishes to engage Consultant to provide his real estate expertise in assisting in operating Company's real estate management company.

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Company and Consultant mutually agree as follows:

2.    Term. The Agreement shall commence as of the Effective Date above and shall continue to September 30, 2021. The parties may terminate this Agreement at any time upon mutual written agreement. Unless otherwise terminated by the parties, this Agreement shall automatically renew for successive one (1) year terms or until such time as the Consultant no longer owns an interest in EPIC Gateway North Real Estate Holdings, LLC.

3.    Work. The Consultant agrees to furnish, on an as needed basis, any and all skill, knowledge and expertise for the timely, complete and efficient performance of the services contemplated herein.

4.    Compensation. In exchange for Consultant's performance of the services contemplated herein, the Company agrees to pay the Consultant Four Thousand Eight Hundred Twenty Five and No/100ths ($4,825.00) per month for service provided. The Consultant's compensation paid pursuant to this Agreement shall be in lieu of him receiving his preferred payments as a Class B Member in EPIC Gateway North Real Estate Holdings, LLC and its Amended Operating Agreement dated September 11, 2020.

5.    Independent Contractor. Consultant shall be treated as an independent contractor in its performance of all services pursuant to this Agreement. The Consultant shall not be deemed to be a servant, agent or employee of the Company. Company shall have exclusive control over when, where, how and who performs services for the Company and shall be solely responsible for his acts and omissions. Company is interested only in the results obtained and has only a general right of inspection, review and approval of services provided by Consultant in order to assure compliance with the terms of this Agreement. Consultant shall be solely responsible for any and all of his own payroll or self-employment taxes and the only compensation paid to Company shall be paid pursuant to paragraph of this Agreement. Additionally, Company shall not be eligible for any benefits from Company.

6.    Personal Guaranty. For good and valuable consideration, the receipt of which is hereby acknowledged, Todd Berning hereby personally guarantees the unconditional payment of the Compensation under paragraph 4 above. This guaranty is absolute and shall be a continuing one.

7.    Administration and Construction. This Agreement shall be administered and construed in accordance with the following provisions:

EXHIBIT C

a. Severability. The invalidity or unenforceability of any particular provision of this Agreement shall not affect its other provisions. The Agreement shall be construed in all respects as if such invalid or unenforceable provision was omitted.

b. Entire Agreement. This Agreement constitutes the complete and entire understanding of the parties concerning the performance of the Work on any Project by Consultant. Neither party shall be bound by or be liable for any statements, warranties, guarantees, or representations not set forth in this Agreement which may have been made by any agent, employee or other person representing or purporting to represent a party to this Agreement.

c. Non-Exclusivity. This Agreement shall not be deemed an exclusive contract in favor of Consultant on any project undertaken by Company. Company reserves the right to engage other consultants to perform various services.

d. Assignment. Consultant may assign this assign this Agreement to an entity wholly owned by Consultant. Unless otherwise allowed by this subparagraph, Consultant shall not subcontract, assign this Agreement, or otherwise have any other party perform the services without first obtaining the prior written consent of Company.

e. Modification. No change or modification of this Agreement shall be valid unless the same be in writing and signed by all of the parties to this Agreement.

f. Persons Bound by this Agreement. This Agreement shall be binding upon the parties and their successors in interest. The rights and obligations of any party to this Agreement may be exercised or satisfied by that party's legal representative.

g. Governing Law. The provisions of this Agreement shall be governed by the laws of the State of North Dakota.

h. Arbitration. The Parties hereby consent to arbitration of any dispute arising out of this Agreement pursuant to the Rules of the American Arbitration Association.

IN WITNESS OF ITS TERMS AND CONDITIONS, the parties have executed this Agreement.

Epic Management, LLC, Company

By: _____
Todd Berning, President

_____
Denis Olson, Consultant

**Solely for purposes of Paragraph 6:**

_____
Todd Berning

EXHIBIT C