## CONSULTING AGREEMENT

This Agreement is dated August 10, 2021 ("Effective Date") by and between Epic Management, LLC (herein after referred to as "Company") and Denis Olson and/or assigns (herein after referred to as "Consultant") who together agrees as follows:

1. <u>Recitals.</u> The parties make the following declarations:

    a. Company operates a real estate management company in West Fargo, North Dakota and the surrounding areas.

    b. Consultant has various ownership interests in real estate projects developed and managed by the Consultant which are further outlined and described in Exhibit A, a copy of which is attached hereto and incorporated herein by reference.

    c. Company wishes to engage Consultant to provide his real estate expertise in assisting in operating Company's real estate management company.

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Company and Consultant mutually agree as follows:

2. <u>Term.</u> The Agreement shall commence as of the Effective Date above. The parties may terminate this Agreement at any time upon mutual written agreement. Unless otherwise terminated by mutual agreement of the parties, this Agreement shall continue until such time as the Consultant no longer owns an interest in projects managed by the Company.

3. <u>Work.</u> The Consultant agrees to furnish, on an as needed basis, any and all skill, knowledge and expertise for the timely, complete and efficient performance of the services contemplated herein.

4. <u>Compensation.</u> In exchange for Consultant's performance of the services contemplated herein, the Company agrees to pay the Consultant Twenty-Four Thousand Two Hundred Ninety-Three and 97/100ths ($24,293.97) per month for service provided. Upon the issuance of the Certificate of Occupancy for the EPIC Gateway East Real Estate Holdings, LLC project, the monthly interest will be reduced by Five Thousand Eight Hundred and No/100ths ($5,850.00) Dollars, at which time the Consultant shall receive proportionate distributions from the operations of EPIC Gateway East Real Estate Holdings, LLC, which are further outlined in the Operating Agreement for EPIC Gateway East Real Estate Holdings, LLC. In the event the Consultant is divested from ownership in any of the entities outlined in the attached Exhibit A, the monthly payment amount shall be adjusted accordingly.

5. <u>Independent Contractor.</u> Consultant shall be treated as an independent contractor in its performance of all services pursuant to this Agreement. The Consultant shall not be deemed to be a servant, agent or employee of the Company. Company shall have exclusive control over when, where, how and who performs services for the Company and shall be solely responsible for his acts and omissions. Company is interested only in the results obtained and has only a general right of inspection, review and approval of services provided by Consultant in order to assure compliance with the terms of this Agreement. Consultant shall be solely responsible for any and all of his own payroll or self-employment taxes and the only compensation paid to Company shall be paid pursuant

EXHIBIT D

to paragraph of this Agreement. Additionally, Company shall not be eligible for any benefits from Company.

      6.     Prior Agreements. The terms of this Agreement shall supersede and replace a previous Consulting Agreement between Company and Consultant entered into in May of 2019, and such prior agreement shall now be null and void. The payment terms in Paragraph 4 of this Agreement shall supersede any and all payment provisions contained in previous Consulting Agreements, Operating Agreements, Subscription Agreements, Contribution Agreements, Tenant in Common Agreements, Promissory Notes and any other documents between the Company, its affiliates, and the Consultant.

      7.     Personal Guaranty. For good and valuable consideration, the receipt of which is hereby acknowledged, Todd Berning hereby personally guarantees the unconditional payment of the Compensation pursuant to paragraph 4 above. This guaranty is absolute and shall be a continuing guaranty.

      8.     Administration and Construction. This Agreement shall be administered and construed in accordance with the following provisions:

          h.     Severability. The invalidity or unenforceability of any particular provision of this Agreement shall not affect its other provisions. The Agreement shall be construed in all respects as if such invalid or unenforceable provision was omitted.

          b.     Entire Agreement. This Agreement constitutes the complete and entire understanding of the parties concerning the performance of the Work on any Project by Consultant. Neither party shall be bound by or be liable for any statements, warranties, guarantees, or representations not set forth in this Agreement which may have been made by any agent, employee or other person representing or purporting to represent a party to this Agreement.

          c.     Non-Exclusivity. This Agreement shall not be deemed an exclusive contract in favor of Consultant on any project undertaken by Company. Company reserves the right to engage other consultants to perform various services.

          d.     Assignment. Consultant may assign this assign this Agreement to an entity wholly owned by Consultant. Unless otherwise allowed by this subparagraph, Consultant shall not subcontract, assign this Agreement, or otherwise have any other party perform the services without first obtaining the prior written consent of Company.

          e.     Modification. No change or modification of this Agreement shall be valid unless the same be in writing and signed by all of the parties to this Agreement.

          f.     Persons Bound by this Agreement. This Agreement shall be binding upon the parties and their successors in interest. The rights and obligations of any party to this Agreement may be exercised or satisfied by that party's legal representative.

          g.     Governing Law. The provisions of this Agreement shall be governed by the laws of the State of North Dakota.

EXHIBIT D

    h.    <u>Arbitration</u>. The Parties hereby consent to arbitration of any dispute arising out of this Agreement pursuant to the Rules of the American Arbitration Association.

IN WITNESS OF ITS TERMS AND CONDITIONS, the parties have executed this Agreement.

Epic Management, LLC, Company

By: _____
Todd Berning, President

_____
Denis Olson, Consultant

**Solely for the purposes of Paragraph 7:**

_____
Todd Berning

EXHIBIT D

**Exhibit A**
**Denis Olson - Consulting Agreement**
**Investment Summary**

| Entity Invested In | Type of Investment | Date Investment Made | Amount | Monthly Payment | Notes |
|---|---|---|---|---|---|
| Sheyenne 32 South, LLC | 1031/Loan | May 16, 2019 | $ 823,793.76 | $ 4,118.97 | Indianapolis 1031 Exchange |
| Sheyenne 32 West, LLC | 1031/Loan | May 16, 2019 | $ 300,000.00 | $ 1,500.00 | Indianapolis 1031 Exchange |
| Sheyenne 32 North, LLC | 1031/Loan | May 16, 2019 | $ 300,000.00 | $ 1,500.00 | Indianapolis 1031 Exchange |
| Greenfield Commons, LLC | 1031/Loan | May 16, 2019 | $ 1,300,000.00 | $ 6,500.00 | Indianapolis 1031 Exchange |
| EPIC Gateway North Real Estate Holdings, LLC | Class A Equity | September 11, 2020 | $ 145,000.00 | $ - | 5% Developer Fee Equity |
| EPIC Gateway North Real Estate Holdings, LLC | Class B Equity | September 11, 2020 | $ 965,000.00 | $ 4,825.00 | Land Equity |
| EPIC Gateway East Real Estate Holdings, LLC | Class A Equity | March 31, 2021 | $ 175,000.00 | $ - | 5% Developer Fee Equity |
| EPIC Gateway East Real Estate Holdings, LLC | Class A Equity | February 3, 2021 | $ 935,000.00 | $ 4,675.00 | Land Equity - Monthly Payments Will Cease Upon the City of Fargo Issuing a Certificate of Occupancy |
| EPIC Gateway East Real Estate Holdings, LLC | Class A Equity | May 11, 2021 | $ 235,000.00 | $ 1,175.00 | Cash Contribution - Monthly Payments Will Cease Upon the City of Fargo Issuing a Certificate of Occupancy |
| | | Total | $ 5,178,793.76 | $ 24,293.97 | |

EXHIBIT D